Filed 10/1/25  P. v. Regalado CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE CHRISTIAN REGALADO,<br><br>    Defendant and Appellant. | H052924<br>(Monterey County<br>Super. Ct. No. SS150087A) |

Pursuant to a plea agreement, defendant Jose Christian Regalado pleaded no contest in 2016 to assault with a firearm and assault by means of force likely to produce great bodily injury.  Regalado admitted various enhancements as to the assault with a firearm count.  The trial court imposed the stipulated sentence, a total term of 21 years in prison.

In 2024, Regalado filed a "Request for Recall of Sentence and Resentencing" pursuant to Penal Code section 1172.1.[1]  The trial court responded by stating that it "declines to respond" to Regalado's request.  Regalado appeals.

We conclude that the trial court's decision not to respond to Regalado's recall and resentencing request does not constitute an appealable order because the trial court's decision did not affect Regalado's substantial rights under section 1237, subdivision (b). We therefore will dismiss the appeal.

---

[1] Unspecified statutory references are to the Penal Code.

# I. PROCEDURAL BACKGROUND[2]

The prosecution charged Regalado by amended information with four counts: attempted willful, deliberate, and premeditated murder (§§ 664, 187, subd. (a); count 1); two counts of assault with a firearm (§ 245, subd. (a)(2); counts 2-3); and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 4). In April 2016, Regalado pleaded no contest to counts 2 and 4 pursuant to a plea agreement. With respect to count 2, Regalado admitted enhancements that he personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)), he committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(B)), and he personally used a firearm (§ 12022.5, subd. (a)). The trial court imposed the stipulated sentence of 21 years in prison.

In 2018, the Department of Corrections and Rehabilitation recommended the trial court resentence Regalado pursuant to section 1170, subdivision (d). The recommendation asserted that Regalado should not have had his sentence enhanced for the gang and great bodily injury allegations because those allegations were based on the great bodily injury Regalado caused in committing the underlying offense. The trial court declined to resentence Regalado because the sentence was a negotiated term imposed pursuant to a plea agreement.

In 2023, Regalado petitioned the trial court to vacate his conviction and to be resentenced pursuant to section 1172.6, which permits a person convicted of murder, attempted murder, or manslaughter under a theory of imputed malice to petition for relief. The trial court denied the petition because Regalado was not convicted of murder, attempted murder, or manslaughter.

In July 2024, Regalado submitted a request for recall and resentencing under section 1172.1, which permits a trial court to recall the sentence and commitment

---

[2] The facts of the offenses are immaterial to our analysis.

previously ordered and resentence a defendant in the same manner as if he or she had not previously been sentenced. (*Id.*, subd. (a)(1).) Under this statute, the trial court may recall the sentence and resentence the defendant within 120 days of the date of commitment, or at any time if the applicable sentencing laws at the time of the original sentencing are subsequently changed. (*Ibid.*) Regalado's request cited several changes in sentencing laws that he asserted affected his case.

In response to this request, the trial court checked a box on a "Request for Action" form that stated: "Place in File – No Action Taken/Required." The form included the following note: "Pursuant to Penal Code section 1172.1(c), a defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond. [¶] Accordingly, the court declines to respond to Mr. Regalado's [section] 1172.1 petition." The form on which the trial court made this statement contains no indication Regalado was notified of this decision. The form is file stamped with a date of August 17, 2024, and is contained in the appellate record. An out-of-court entry by the clerk dated January 6, 2025, similarly states: "The court respectfully declines to respond . . . pursuant [to section] 1172.1(c)."

Representing himself, Regalado filed a notice of appeal with a signature dated January 13, 2025, and a file stamped date of January 22, 2025. He stated that he was appealing the January 6, 2025 order. This court ordered Regalado to show cause why the appeal should not be dismissed as taken from a nonappealable order, and Regalado responded. We deferred ruling on the order to show cause for consideration with the merits of the appeal. Regalado's opening brief again asserted that the trial court's statement declining to respond to the recall and resentencing request constituted an appealable order, raising no other issues.

3

## II. DISCUSSION

### A. *Legal Principles*

In 2023, the Legislature passed Assembly Bill No. 600 (2023-2024 Reg. Sess.), amending section 1172.1 to grant a trial court the authority to initiate resentencing on the court's own motion at any time, if the applicable sentencing laws have changed since the defendant's original sentencing. (Stats. 2023, ch. 446, § 2.) Section 1172.1, subdivision (a)(1) thus provides in relevant part: "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation . . . , the court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ." Section 1172.1, subdivision (a)(1) also states: "Recall and resentencing under this section may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case." However, under section 1172.1, subdivision (c): "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond."

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute. [Citations.]" (*People v. Loper* (2015) 60 Cal.4th 1155, 1159 (*Loper*).) Regalado asserts that section 1237, subdivision (b) authorizes his appeal. That provision states that an appeal may be taken "[f]rom any order made after judgment, affecting the substantial rights of the party." "Our cases do not provide a comprehensive interpretation of the term 'substantial rights' as used in section 1237, subdivision (b) . . . ." (*Loper*, *supra*, at p. 1161, fn. 3.) "However, a postjudgment order 'affecting the substantial rights of the

4

party' [citation] does not turn on whether that party's claim is meritorious, but instead on the nature of the claim and the court's ruling thereto. [Citations.]" (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 600, fn. omitted (*Teal*).)

The four published Court of Appeal decisions addressing the appealability of a trial court's decision not to respond to a defendant's section 1172.1 request hold that such a decision is generally not appealable because the statute demonstrates that a defendant has no right to a response to a self-initiated request for recall and resentencing. (*People v. Brinson* (2025) 112 Cal.App.5th 1040; *People v. Roy* (2025) 110 Cal.App.5th 991 (*Roy*); *People v. Faustinos* (2025) 109 Cal.App.5th 687 (*Faustinos*); *People v. Hodge* (2024) 107 Cal.App.5th 985 (*Hodge*).)

**B.** *Analysis*

We conclude that the trial court's decision not to respond to Regalado's request for recall and resentencing is not an appealable order. Section 1172.1 does not in itself provide Regalado with any substantial rights, and he does not identify any other basis for a substantial right under section 1237, subdivision (b) based on the trial court's decision. As a result, we are without jurisdiction to consider his appeal, and we will dismiss it.

Under section 1172.1, subdivision (c), the trial court was not required to respond to Regalado's request for the court to exercise its own authority to recall his sentence and to resentence him. This "undermine[s] any claim that defendants have a substantial right at stake when they file an unauthorized request for resentencing." (*Hodge*, *supra*, 107 Cal.App.5th at p. 996.) "If the trial court is not required to act in response to a defendant's request, then defendant has no right to a decision as to whether the trial court will make its own motion to recall and resentence." (*Roy*, *supra*, 110 Cal.App.5th at p. 998.) Here, the trial court specifically stated that it declined to respond to Regalado's request for recall and resentencing, citing section 1172.1, subdivision (c).

Regalado's brief in response to this court's order to show cause and his subsequent opening brief rely on *Loper*, *supra*, 60 Cal.4th 1155 to argue that he may appeal from the

5

trial court's decision not to respond to his resentencing request. However, *Loper* is distinguishable.

In *Loper*, the California Supreme Court concluded that the defendant could appeal a trial court's denial of a recommendation by the Department of Corrections and Rehabilitation that the defendant's sentence be recalled under section 1170, former subdivision (e) and that he be granted compassionate release. (*Loper*, *supra*, 60 Cal.4th at pp. 1158-1159.) The California Supreme Court stated, "a defendant may appeal an adverse decision on a postjudgment motion or petition if it affects his substantial rights, even if someone else brought the original motion." (*Id.* at p. 1165.) Our Supreme Court concluded that the trial court's denial of the recommendation affected Loper's substantial rights because "[b]y providing a mechanism for releasing eligible prisoners from custody, [former] section 1170(e) implicates a prisoner's substantial interest in personal liberty" and because the statute "establishe[d] clear eligibility criteria [citation], suggesting that discretion is not unfettered when evidence is presented satisfying the statutory criteria." (*Id.* at p. 1161, fn. 3.)

*Loper* is distinguishable because there, the trial court was *required* to consider whether to recall the defendant's sentence in response to a recommendation by the Secretary of the Department of Corrections and Rehabilitation. Under section 1170, former subdivision (e)(3): "Within 10 days of receipt of a positive recommendation by the secretary or the board, the court *shall* hold a hearing to consider whether the prisoner's sentence should be recalled." (Italics added.) (Stats. 2014, ch. 26, § 17, subd. (e)(3); see also *Teal*, *supra*, 60 Cal.4th at p. 600 [trial court's determination that petitioner was ineligible for resentencing under section 1170.126 was appealable where the trial court was required to determine petitioner's eligibility for resentencing upon filing of the petition].) In the instant case, by contrast, section 1172.1, subdivision (c) expressly states "the court is not required to respond" to a defendant's request for

resentencing, and the statute provides no eligibility criteria similar to that in *Loper*. Thus, *Loper* does not control here.

In addition, Regalado cites *People v. Carmony* (2004) 33 Cal.4th 367 (*Carmony*) to assert that a trial court's decision not to act on a section 1172.1 request is appealable. We conclude that *Carmony* does not support his argument.

*Carmony* involved a trial court's denial of a motion to dismiss prior strikes pursuant to section 1385. (*Carmony*, *supra*, 33 Cal.4th at p. 371.) Under section 1385, subdivision (a), a trial court "may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." Carmony moved to dismiss two prior strike convictions under section 1385, but based on his record, the trial court concluded Carmony fell within the spirit of the Three Strikes law and declined to dismiss the strikes. (*Carmony*, *supra*, at p. 373.)

The California Supreme Court concluded that the trial court's decision not to strike prior conviction allegations should be reviewed under the abuse of discretion standard. (*Carmony*, *supra*, 33 Cal.4th at p. 371.) Our Supreme Court rejected the "faulty" reasoning of a prior Court of Appeal decision "to the extent it holds that appellate courts lack authority to review a trial 'court's informed decision' not to 'exercise its section 1385 power in the furtherance of justice.' [Citation.]" (*Id.* at p. 375.) Our Supreme Court held: "A defendant has no right to make a motion, and the trial court has no obligation to make a ruling, under section 1385. But he or she does have the right to 'invite the court to exercise its power by an application to strike a count or allegation of an accusatory pleading, and the court must consider evidence offered by the defendant in support of his assertion that the dismissal would be in furtherance of justice.' [Citation.]" (*Ibid.*) Noting that the prosecution has the power to appeal a trial court's decision to dismiss a strike, the court concluded that "as a matter of logic and fairness, the defendant should have the concomitant power to appeal a court's decision

7

not to dismiss a prior under section 1385 even though he or she cannot make a motion to dismiss." (*Id.* at p. 376.)

*Carmony* does not apply to the instant situation. Carmony had a statutory right to appeal from a final judgment of conviction under section 1237, subdivision (a). Accordingly, the *Carmony* court had no occasion to consider whether the trial court's decision affected Carmony's substantial rights under section 1237, subdivision (b) because the decision was not an "order made after judgment." The opinion in *Carmony* dealt with the applicable standard of review regarding a trial court's denial of a motion to dismiss prior strike allegations, not the appealability of such a ruling. "It is axiomatic that cases are not authority for propositions not considered. [Citations.]" (*People v. Ault* (2004) 33 Cal.4th 1250, 1268, fn. 10.)

Additionally, Regalado cites *People v. Vaesau* (2023) 94 Cal.App.5th 132 (*Vaesau*) to assert that the trial court's statement that it was not responding to Regalado's section 1172.1 request constitutes an appealable order. But *Vaesau* is inapposite. There the district attorney asked the trial court to recall the sentence and resentence Vaesau under the predecessor to current section 1172.1. (*Vaesau*, *supra*, at p. 139.) Soon thereafter, a new district attorney moved to withdraw the request "without offering a substantive reason for doing so." (*Ibid.*) The trial court granted the motion. (*Ibid.*) The Court of Appeal held that "a trial court has discretion, but is not required, to terminate a section 1172.1 proceeding when a district attorney identifies a legitimate basis for withdrawing the resentencing request and moves to withdraw before the court rules on the merits." (*Ibid.*) Because the reviewing court concluded that the district attorney did not identify any such legitimate basis, the court vacated the trial court's order and remanded the matter for reconsideration. (*Ibid.*)

In so holding, the Court of Appeal concluded that the order granting the motion to withdraw the recall and resentencing request was an appealable order. (*Vaesau*, *supra*, 94 Cal.App.5th at p. 143.) The reviewing court noted that the request from the district

8

attorney came from a proper party and that an order from the trial court denying resentencing had the district attorney not withdrawn the request would be appealable. (*Id.* at p. 144.)  The court then concluded:  "Although the trial court had jurisdiction to rule on the district attorney's motion to withdraw the resentencing request, the question remains whether granting the motion and thereby terminating the section 1172.1 proceeding affected Vaesau's substantial rights.  The answer is yes if the court had the ability to deny the motion and instead proceed with resentencing.  As we explain in more detail below, the court had that ability.  The order is therefore appealable." (*Ibid.*)

The prosecutor in *Vaesau* was permitted by statute to file a recall and resentencing request, and the trial court was bound to rule on the district attorney's motion to withdraw the request.  Here, by contrast, section 1172.1 did not authorize Regalado to file a recall and resentencing request and subdivision (c) of the statute states the trial court was not required to respond to the recall and resentencing request.  The trial court here was not ruling on a motion properly before the court; it was considering whether to respond to a request for recall and resentencing.

Regalado asserts that *Faustinos* does not apply because the recall and resentencing request in that case did not identify specific changes in the law that affected the sentence, while Regalado did cite several changes in sentencing laws applicable in his case.  (See *Faustinos*, *supra*, 109 Cal.App.5th at p. 698 ["Faustinos did not (and does not) assert that the laws applicable to him have changed since his sentencing"].)  However, the court in *Faustinos* stated that its holding did not turn on this fact.  (*Ibid.*)  In addition, in at least two other published decisions on this matter, specific changes in sentencing laws were presented by the defendants' recall and resentencing requests and the reviewing courts still concluded that the trial courts' orders declining to respond to the requests were not appealable.  (*Hodge*, *supra*, 107 Cal.App.5th at p. 996, fn. 3; *Roy*, *supra*, 110 Cal.App.5th at p. 997.)

9

Regalado appears to concede that if the trial court had said nothing in response to his recall and resentencing request, he would have no right to appeal. He acknowledges that "a court is under no obligation to act" on a section 1172.1 request, but he asserts that "where, as here, a trial court does act by affirmatively responding to a defendant's resentencing request, the court has acted on the petition such that its response—even a response stating it refuses to respond—is an appealable order affecting substantial rights."

We see no meaningful distinction between the circumstance in which the trial court says nothing in response to a section 1172.1 request and one in which the trial court summarily states that it declines to respond. In either instance, the trial court is exercising its authority under section 1172.1, subdivision (c) to not respond to a recall and resentencing request. As the Court of Appeal indicated in *Faustinos*, a trial court could issue no order in response to a section 1172.1 request, but a statement that the court chooses not to respond under subdivision (c) has the same impact and does not affect the defendant's substantial rights. (See *Faustinos*, *supra*, 109 Cal.App.5th at p. 696.) Such a statement may be "advisable, as silence may leave the defendant unsure if the petition was received," but "[i]t cannot be . . . that such an order affects the defendant's substantial rights." (*Ibid.*)

Regalado also contends that a trial court's decision not to respond to a section 1172.1 request is appealable because the trial court may believe it lacks jurisdiction to respond or the trial court may choose not to respond for impermissible reasons. He argues: "[T]he defendant's right to liberty and to receive a sentence not disparate to those similarly situated is affected when a court affirmatively believes it lacks jurisdiction to remedy the wrong. Or, alternatively, aware that it has jurisdiction to exercise its equitable discretion to recall a sentence, [the court] refuses to do so based on arbitrariness or capriciousness." However, Regalado points to nothing indicating that the trial court here was either unaware of its ability to act on the request or that the court

10

elected not to respond for arbitrary or capricious reasons. By citing section 1172.1, subdivision (c), the trial court simply communicated its awareness that it could respond but that it was not obligated to do so.

Finally, Regalado argues that both a defendant and the prosecution may appeal from a trial court's substantive ruling on a section 1172.1 petition, and thus as a matter of fairness, he should be able to appeal the trial court's decision not to respond to his recall and resentencing request. However, section 1172.1 states that the trial court must advise a defendant of the right to appeal only "[a]fter ruling on a referral authorized by this section . . . ." (*Id.*, subd. (d).) Regalado's section 1172.1 request was not a "referral authorized by this section," and the trial court did not rule on any such referral. "A defendant's request for resentencing is therefore clearly not 'authorized by this section.' (§ 1172.1, subd. (d).) The absence of any obligation by the trial court to advise the defendant of a right to appeal the denial of the defendant's unauthorized request for resentencing strongly suggests that the Legislature did not intend to create such a right." (*Hodge*, *supra*, 107 Cal.App.5th at p. 999, fn. omitted.)

The trial court received Regalado's request for resentencing, but declined to respond, consistent with its authority under section 1172.1, subdivision (c). We see nothing in the record showing that the nature and claim of the trial court's order affected Regalado's substantial rights under section 1237, subdivision (b). Accordingly, we will dismiss the appeal.[3]

---

[3] Because we conclude the trial court's decision not to respond to the request for recall resentencing is not appealable, we need not address the timeliness of this appeal. The California Rules of Court require a notice of appeal under section 1237.5 to be filed "within 60 days after the rendition of the judgment or the making of the order being appealed." (Cal. Rules of Court, rule 8.308(a).) With one exception not applicable here, the rule states, "no court may extend the time to file a notice of appeal." (*Ibid.*) As noted, the trial court initially declined to respond to Regalado's section 1172.1 request in August 2024. Regalado filed his notice of appeal in January 2025 citing the January 6, 2025 minute order of the court.

11

## III. DISPOSITION

The appeal is dismissed.

_____
Greenwood, P. J.

WE CONCUR:

_____
Danner, J.

_____
Bromberg, J.

H052924 People v. Regalado